*204
By the Court,

Cowen, J.
Whether the evidence, when the plaintiff rested, was clearly against him as to his title, may be questionable; but the court themselves recalled his witness, and made it a degree stronger against him. That was a breaking of the plaintiff’s rest. He might have been willing to risk his cause as the proof was when he announced that he should stop j and the court would then, I think, have been right in not allowing him to go into evidence of the defendant’s admissions. But their own examination showed an implied confession by the plaintiff of the defendant’s title, arising from the omission of the former to assert a reservation of the wheat when he mentioned giving up the farm to the defendant. This was new evh dence for the defendant, not before given. To rebut it., or qualify its force, the plaintiff offered to prove the defendant’s admissions of the plaintiff’s title. Even supposing his case to have continued closed, it is doubtful whether he had not a right to do so much on the authority of the very books which the defendant in error now cites. (Cowen’s Treat. 992; Cowen & Hill’s Notes to Phil. Ev. 711 to 718.) It seems to me the evidence was a direct answer to what the court had called out. This was the same in effect as if the defendant himself had recalled the witness. In Cowen & Hill’s Notes to Phil. Ev., at p. 712, 713, the ne plus ultra of strictness is mentioned as exemplified in several cases. But the court obelow were, I think, still more stringent. The late case of Briggs v. Aynsworth, (2 Mood. & Rob. 168,) seems to give a rule which can be safely and conveniently abided by. The plaintiff in that case proved the defendant to have been, at the time of the alleged wrong, near the place where it was committed. The defendant proved an alibi. Then the plaintiff was allowed to give further proof that the defendant was near the place of the wrong. Again, in Doe, dem. Gosley v. Gosley, (id. 243,) the lessor of the plaintiff made out a prima facie case as heir at law. The defendant showed a will taking the lessor’s title away. The plaintiff was allowed to show a subsequent will devising the premises to his lessor. This was *205 a contradiction of the defendant’s case, the second will being a revocation of the first.
But if it be dangerous to interfere on error with discretion exercised below as to the nature of the evidence to be answered, as compared with that to be given in reply, it is too strong to say that the plaintiff’s case was closed when the new evidence was offered. The court took it up and continued it, by examining his -own witness. No case gives a discretion to cut off further testimony, if it be pertinent, unless the party be left to the evidence as it stood -when he declared his case closed.
Without finally saying whether the testimony would have been proper in reply, we think the judgment must be reversed on the ground that the plaintiff’s case was open when he offered evidence of the ‘defendant’s admissions.
Judgment reversed.(a)

 In Wright v. Henry, (M. S. Jan. T. 1843,) one question raised was upon the right of a plaintiff, 'after resting, to make a new case, different from the’one with wnich he started. There the plaintiff, on a trial in the common pleas, put in evidence a deed of lands absolute on its face; and at a subsequent stage of the trial, after resting, he was allowed to prove that the deed was intended as a mortgage. It clearly appeared, however, that his offer of the deed, jn the first instance, was accompanied by a proposition to Show the same fact; and this the supreme court regarded as a decisive answer to the objection taken. “ But, if otherwise,” observed Mr. Justice Cowen, who delivered the opinion, “ the question related to a mere point of practice in the court below. Whether a court will, at the trial, allow a departure from the case first established, but which the party has failed to sustain, and admit proof of a new one, though entirely incompatible with the first, is a question resting in discretion. It is not reviewable therefore by writ of error. The courts of original jurisdiction should be left to consult their own convenience upon all questions of this character. If the proposed case be not in. admissible under the pleadings, a bill of exceptions will not lie.”